RICE-BROWN LUMBER COMPANY *v* FLEETWOOD.

Opinion delivered April 29, 1918.

1. EVIDENCE—TESTIMONY TAKEN AT ANOTHER TRIAL.—Testimony of one of the parties taken at another trial between the same litigants is inadmissible in evidence when supported merely by the certificate of the official who took the same down in shorthand and reduced it to writing.

2. CONTRACTS—CONTRACTS WITH THIRD PERSONS—EFFECT.—Where a contract is made by A. with a lumber company to saw timber, A.'s contract will not be defeated by an inconsistent contract had with another, unless A. was advised of the other's conflicting rights when he entered into his own contract.

Appeal from Cleburne Circuit Court; *John I. Worthington*, Judge; affirmed.

*Hammock, Wood & Bittle* and *Daniel Riley McMaster,* for appellant.

1.    Mutual assent of parties is an essential element of every contract.  Doubt is incompatible with an agreement.  81 Ind. 171.

2.    No one can incur liability under a contract to which he is not a party; a sub-contractor cannot pass by his immediate employer and sue the proprietor.  13 Ind. 67; 11 N. Y. 593.

3.    No action lies on a contract which has been superseded by the substitution of a different contract.  161 Mass. 449; 148 N. Y. S. 129.

4.    There can be no implied contract where there is an express contract between the parties.  9 Cyc. 242.

5.    There was an issue here as to an abandonment of a contract and the rights under it, and it was competent to prove acts, admissions and declarations tending to show abandonment and the motive therefor.  9 Cyc. 766; 50 Minn. 58.

6.    The authority of an agent can not be established by the declaration of an agent.  92 Ark. 315; 105 *Id.* 446; 90 *Id.* 104; 33 *Id.* 251.

7.    One who deals with an agent is bound to ascertain the nature and extent of his authority.  92 Ark. 315; 94 *Id.* 305; 62 *Id.* 40; 105 *Id.* 113-15; 31 *Id.* 212; 53 *Id.* 208.

8.    As to authority of independent contractors, see 111 Ark. 247, 252; *Ib.* 91.

9.    The court erred in its instructions.  See cases *supra.*  All the evidence shows that appellee contracted with Clay alone and if there was a breach of the contract it was with that of Clay.  Plaintiff had no contract with appellant, but only with Clay, who was his paymaster..

*M. E. Vinson* and *W. R. Casey,* for appellee.

1. There was mutual assent to the contract which was made for appellant's benefit. The contract was proven. The acts of the parties and what they did under the contract shows what the contract was and meant. 9 Cyc. 245; 34 Ark. 312; 96 *Id.* 184; 112 *Id.* 190; 104 *Id.* 466. The question as to whether there was a contract was a question of fact for the jury, who found there was and the verdict is sustained by the evidence. 55 Ark. 414; 46 *Id.* 129; 88 *Id.* 363; 93 *Id.* 1; 44 *Id.* 84.

2. Fleetwood was not a sub-contractor under Clay. The contract has not been superseded by a different one. 26 Ark. 309; 93 *Id.* 447; 9 Cyc. 593-4-5.

3. The authority of Brown to make the contract is fully proven.

4. Clay was not an independent contractor. 111 Ark. 91; 112 U. S. 215.

5. The reporter's transcript was not admissible in evidence. It was not competent. 76 Ark. 515; 60 *Id.* 550; 85 *Id.* 488; 16 Cyc. 1088; 118 Ark. 377; 71 *Id.* 351.

6. The court properly instructed the jury. 26 Ark. 309; 9 Cyc. 593. Taken together, they state the law and are really too favorable to appellant. 81 Ark. 187; 87 *Id.* 396; 115 *Id.* 555; 116 *Id.* 179; 124 *Id.* 26; 103 *Id.* 83, etc. On the whole case the judgment is right.

SMITH, J. Appellee recovered judgment for damages from the appellant lumber company for the breach of a contract for manufacturing lumber. It appears that appellee had a contract under which he was operating and that he was making a profit out of it, but the testimony is in irreconcilable conflict as to the party with whom he had contracted. The lumber company owned a large body of timber, a considerable portion of which had been blown down in a storm, and appellee testified that the president of the company solicited him to contract to manufacture this timber, but he refused to do so on the ground that there was not a sufficient quantity of it to justify the expenditure of the money which would be required to put appellant's mill in condition to saw the

timber, whereupon they entered into a contract for sawing the down timber as well as certain standing timber, and after appellee had expended $294.25 in putting the mill in condition, together with certain other expenses, the possession of the mill was taken away from him and he was not allowed to proceed under his contract. Appellant contends that it never contracted with appellee for the manufacture of its timber, but that it had a contract for that purpose with one Clay, who, in turn, had contracted with appellee. It is impossible to reconcile the testimony on this subject, but appellee testified that his contract was with the appellant company, and not with Clay, and three witnesses corroborated him in this statement, and this testimony is legally sufficient to support that finding, and we do not, therefore, consider appellant's contention that this testimony is improbable and unreasonable and that the jury's finding is against the preponderance of the testimony.

(1) It appears that the parties to this litigation had had other litigation in which appellee had testified, and appellant asked for permission to read portions of the testimony of appellee in that trial for the purpose of contradicting him. It is said that this testimony had been taken by the official court reporter in shorthand and afterwards transcribed by him. But no witness at the trial from which this appeal has been prosecuted testified that the offered testimony was in fact the testimony of appellee at the former trial, and the court did not, therefore, err in excluding it. It is true there was a certificate which was signed by the reporter to the effect that the offered testimony was the testimony of appellee, but the reporter was not called and sworn and no other evidence was offered in identification of the rejected testimony. There is nothing in the law giving verity to the certificate of an official stenographer or making admissible testimony which rests upon his certificate that it is what it purports to be.

(2) Appellant saved its exception to instruction numbered 4, which reads as follows:

"No. 4. You are instructed that even though you may find that W. A. Clay, at thé time plaintiff contracted to saw or cut defendant's timber into lumber, was under contract with the defendant to operate its sawmill and to pay for all the expenses of operating its sawmill and manufacturing its lumber, the plaintiff would not be bound by the said contract between said W. A. Clay and the defendant, unless such côntract was brought to his attention; and if defendant's authorized officers or agents, acting in conjunction with said W. A. Clay, entered into a contract with the plaintiff to saw its timber into lumber and at the time of making such contract with plaintiff such authorized officers or agents led the plaintiff by their words or conduct to believe that he was contracting with the defendant the defendant would be estopped to set up a contract it had previously made with said W. A. Clay as a defense to this action, unless defendant or W. A. Clay or some other person brought to the attention of the plaintiff the terms of such contract so previously made."

The objection made to this instruction is that in effect it tells the jury that it was the duty of appellant to make known to appellee the provisions of the contract existing between it and Clay, and that if it failed to do so and appellee believed he was contracting with appellant, then a contract existed between the parties. We think, however, that the instruction was a proper one, for if the testimony of appellee is true and he had the contract which he says he has, his rights thereunder would not be defeated by any inconsistent contract which appellant may have had with Clay, unless appellee was advised of Clay's conflicting rights when his own contract was made. This is the purport of the instruction set out and appellant could not have asked a more favorable declaration of the law on that subject.

Objections are urged to other instructions given at the request of appellee; but these objections leave out of account the appellee's contention in regard to his contract, and however much against the preponderance of

the evidence this contention may now appear to be, we can not say that the jury should have disregarded it, and it was, therefore, proper for the court to submit under appropriate instructions appellee's theory of the ·case.

'Complaint is also made of the refusal of the court to give certain instructions requested by appellant; but as all instructions are not abstracted we can not say that the instructions refused were not covered by others which were given.

Judgment affirmed.